UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**BELINDA WALKER**                                                                                                 **PLAINTIFF**

**VS.**                                                       **CIVIL ACTION NO. 3:05CV00495LN**

**EATON CORPORATION, P.A., aka EATON**
**AEROSPACE VICKERS FLUID POWER**                                   **DEFENDANTS**

## ORDER

This matter came before the court on the Plaintiff's Motion to Compel Answers to Plaintiff First Set of Interrogatories and Production of Documents. The court has reviewed the motion and noted the lack of a Certificate of Good Faith as an attachment to it. Fed. R. Civ. P. 37(a)(2)(A) requires a party moving to compel discovery to "include a certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action." Unif. Local R. 37.1(A) also requires counsel to confer in good faith prior to the filing of a discovery motion and goes on to state, "A Good Faith Certificate (Official Form No. 5) shall be filed with all discovery motions, with a copy to the Magistrate Judge." Thus, the moving party's filing of a Good Faith Certificate, in proper form, is a mandatory prerequisite to the court's consideration of a motion to compel.

This requirement is not an empty formality. On the contrary, it has been the court's experience that obliging attorneys to certify to the court that they have conferred in good faith results, in a large number of cases, in counsel's resolving their discovery disputes without court intervention. Thus, the requirement of a certificate cannot be satisfied by including with the motion copies of correspondence that discuss the discovery at issue; instead, the court requires both attorneys to certify that they conferred on the discovery issues in an attempt to resolve them.

Because no Certificate of Good Faith is attached to the Motion to Compel, that motion will be denied. This denial is without prejudice to the Plaintiff's right to file a subsequent Motion to Compel with the appropriate attachment. Should the Plaintiff file another Motion to Compel, she is also obliged to comply with Unif. Local. R. 37.1(B), which requires that the answers to the discovery requests be included.

IT IS, THEREFORE, ORDERED that the Plaintiff's Motion to Compel is hereby **denied**.

IT IS SO ORDERED, this the 26th day of October, 2006.

S/James C. Sumner<br>UNITED STATES MAGISTRATE JUDGE